Samuel D. BATES, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 08–74807.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.*

Filed June 7, 2011.

Samuel D. Bates, Sacramento, CA, pro se.

Janet A. Bradley, Esquire, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, Bridget Maria Rowan, DOJ–U.S. Department of Justice, Donald L. Korb, Esquire, Acting Chief Counsel, Robert R. Di Trolio, Esquire,

Washington, DC, for Respondent–Appellee.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Samuel D. Bates appeals pro se from the Tax Court's decision upholding the Commissioner of Internal Revenue's determination of income tax deficiencies for years 2001 and 2002, and imposition of a penalty under 26 U.S.C. § 6662. He also appeals from the Tax Court's imposition of sanctions under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *See Comm'r v. Dunkin,* 500 F.3d 1065, 1068 (9th Cir. 2007). We affirm.

Bates's contention that he was not subject to federal income taxes is frivolous. *See United States v. Nelson (In re Becraft),* 885 F.2d 547, 548 (9th Cir.1989) (order); Treas. Reg. § 1.1–1. Bates does not otherwise challenge the Tax Court's determination of income tax deficiencies, and thus has abandoned any such challenge. *See Cook v. Schriro,* 538 F.3d 1000, 1014 n. 5 (9th Cir.2008) (issues not raised on appeal are deemed abandoned).

The Tax Court did not clearly err by finding that Bates was subject to the accuracy-related penalty for negligence under 26 U.S.C. § 6662(b). *See Sparkman v. Comm'r,* 509 F.3d 1149, 1161 (9th Cir. 2007).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The Tax Court did not abuse its discretion by imposing sanctions under 26 U.S.C. § 6673 for Bates's frivolous arguments. *See Wolf v. Comm'r,* 4 F.3d 709, 716 (9th Cir.1993) (standard of review).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.